## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIMOTHY TEN PAS,
                  Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                  Agency.

DOCKET NUMBER
PH-0752-17-0430-I-1

DATE: August 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Timothy Ten Pas</u>, Topsfield, Massachusetts, pro se.

<u>Joshua R. Carver</u>, Esquire, Augusta, Maine, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant and the agency have both filed petitions for review of the initial decision, which reversed the appellant's removal. For the reasons discussed below, we DENY the appellant's petition, GRANT the agency's petition, AFFIRM the initial decision as to the appellant's claim of disability

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discrimination, and REVERSE the initial decision as to the removal action. The appellant's removal is SUSTAINED.

## BACKGROUND

¶2    The appellant served as a GS-13 Support Services Chief before his August 2017 removal for excessive absence. The facts leading up to the removal are largely undisputed.

¶3    On May 13, 2016, the appellant stopped coming to work based on medical documentation indicating that he was suffering from severe depression and anxiety. The appellant's doctor stated that he was incapacitated and that the period of his incapacitation was expected to be lengthy, and he recommended that the appellant remain off work for 2 months and then be reevaluated. Initial Appeal File (IAF), Tab 10 at 86. The appellant requested and was granted 2 months of sick leave. *Id.* at 87. Approximately every 2 months thereafter, the appellant requested an additional 2 months of leave which the agency granted (sick leave and annual leave, including Family Medical Leave Act (FMLA) leave) until all his leave was exhausted, after which he requested and was granted leave without pay (LWOP). *Id.* at 88-98  On March 10, 2017, in response to the appellant's most recent request for additional LWOP, the agency advised him that he had not submitted medical documentation sufficient to support his request and that he should do so. The agency explained that the appellant had the following options: request advanced sick or annual leave, LWOP, or leave under the agency's Voluntary Leave Transfer Program, request a reasonable accommodation, retire, apply for disability retirement, resign, or seek services under the Employee Assistance Program. IAF, Tab 9 at 58-60. Based on the appellant's requests, with the barest supporting evidence, the agency continued to grant him LWOP. *Id.* at 52. On May 31, 2017, again in response to the appellant's request for more LWOP, the agency approved his request in part, for the period from May 3-31, 2017, but advised him that, because he had exhausted

all his leave, and because his absence had existed past a reasonable timeframe, he was to return to duty on June 12, 2017, and that his failure to do so "may lead to disciplinary action up to and including removal." *Id.* at 41. The agency again described the appellant's options as it had in the earlier letter. *Id.* at 41-42. In response, the appellant stated that he had not been approved to return to work, and he again requested additional LWOP. *Id.* at 31.

¶4    On June 29, 2017, when the appellant had not returned to duty, the agency proposed his removal for excessive absence. *Id.* at 19. In the narrative, the agency stated that from May 3, 2016, to date, he had used 1,927.6 hours of approved non-FMLA leave, that is, 356.3 hours of annual leave, 819.3 hours of sick leave, and 752 hours of LWOP. The agency acknowledged that the absences were for a compelling reason beyond the appellant's control such that its approval or disapproval was immaterial, but stated that the absences had continued for an unreasonable amount of time and that the appellant had been warned that adverse action might be initiated if he did not return to duty. The agency added that the appellant's position needed to be filled by an employee available for duty on a regular, full-time basis and that his extended absence had created undue hardship on his team and directly impacted the efficiency with which the team provided services to veterans. *Id.* The appellant responded with a brief medical note stating that he could still not return to duty and requested an additional 2 months of LWOP. *Id.* at 18. The agency granted in part the request for LWOP, allowing the appellant to remain in that status during the 30-day notice period of the proposed removal. *Id.* at 16. However, on August 1, 2017, the agency issued a letter of decision finding the charge sustained and stating that the appellant would be removed, effective August 9, 2017. *Id.* at 9.

¶5    The appellant filed an appeal, IAF, Tab 1, and requested a hearing. *Id.* at 2. In addition to challenging the agency's action, he alleged that it was based on disability discrimination under a failure-to-accommodate theory. *Id.*; IAF, Tab 20.

¶6      Thereafter, the administrative judge issued an initial decision in which he first found that most of the elements of the charge were largely undisputed, that is, that the appellant was absent for compelling reasons beyond his control so that agency approval or disapproval was immaterial because he could not be on the job and that his absences had continued beyond a reasonable time.  IAF Tab 31, Initial Decision (ID) at 6.  Nevertheless, the administrative judge reversed the agency's action on the basis that it did not provide the appellant with "adequate notice that a disciplinary action was potentially forthcoming."  ID at 1, 6-10, 12. The administrative judge further found that the appellant failed to establish his claim of disability discrimination.  ID at 10-11.

¶7      The agency has filed a petition for review, Petition for Review (PFR) File, Tab 3, and the appellant has filed petition for review, PFR File, Tab 1, to which the agency has responded, PFR File, Tab 5.

## ANALYSIS

### The agency proved the charge.

¶8      To prove a charge of excessive absences, an agency must establish that: (1) the employee was absent for compelling reasons beyond his control so that agency approval or disapproval was immaterial because the employee could not be on the job; (2) the absence continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless the employee became available for duty on a regular full-time or part-time basis; and (3) the position needed to be filled by an employee available for duty on a regular full-time or part-time basis.  *Gartner v. Department of the Army*, 104 M.S.P.R. 463, ¶ 9 (2007); *Cook v. Department of the Army*, 18 M.S.P.R. 610, 611-12 (1984).

¶9      The parties do not dispute on review the administrative judge's findings that the appellant was absent for compelling reasons beyond his control as a

consequence of his depression and anxiety[2] and that he was absent for longer than a reasonable time, specifically, for more than 1900 non-FMLA hours.[3]  PFR File, Tabs 1, 3; ID at 7.  We discern no reason to disturb these findings which show that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

> *The agency provided sufficient warning that an adverse action could be taken unless the appellant became available for duty.*

¶10　　In finding that the agency's notice to the appellant was not adequate, the administrative judge relied on its May 31, 2017 letter.  He acknowledged that it directed the appellant to return to duty on June 12, 2017, and cautioned him that failure to do so may lead to discipline, up to removal, but the administrative judge found that the agency's offering the appellant "other options" immediately after the order to return to work fatally undermined "any hope" that the letter served notice that he must return to work.  ID at 8.  The administrative judge further found that the agency's prior letter to the appellant, the letter of March 10, 2017, diluted the impact of the May 31, 2017 letter.  ID at 9.

¶11　　On review, the agency argues that it did, in the May 31, 2017 letter, in fact, adequately notify the appellant that he could be disciplined for using approved leave.  PFR File, Tab 3 at 6-12.  We agree.  The letter specifically warned the appellant that "[f]ailure to report to duty as directed may lead to disciplinary action up to and including removal."  IAF, Tab 9 at 41.  The Board's case law

---

[2] The administrative judge found that the appellant testified, and that his physicians certified, that he could not have returned to work at any time from his initial absence on May 3, 2016, until the close of the record below.  ID at 12; Hearing Compact Disc (testimony of the appellant); IAF, Tab 10 at 8, 17, 85, Tab 25 at 4.  Although the appellant speculates on review that he might have been able to return to work, PFR File, Tab 1 at 7, he has provided no evidence in support of his assertion.

[3] An employee may not be disciplined for use of leave covered by the FMLA.  *McCauley v. Department of the Interior*, 116 M.S.P.R. 484, ¶ 11 (2011).

does not require that, to be adequate, the notice must warn the employee that an adverse action will be taken unless the employee becomes available for duty but only that such action could be taken under those circumstances. *Gartner*, 104 M.S.P.R. 463, ¶ 9; *Cook*, 18 M.S.P.R. at 611-12. The agency's May 31, 2017 return-to-duty letter clearly did so, and the fact that it provided the appellant with other options neither detracts from nor fatally undermines the adequacy of the notice. ID at 8. In finding that the May 31, 2017 letter did not provide the appellant adequate notice that he could be disciplined for continued use of approved leave, the administrative judge relied upon the fact that the agency actually approved a portion of his request for additional LWOP and that the appellant responded by requesting even more LWOP. *Id.* However, the May 31, 2017 letter specifically advised the appellant that the granting of LWOP is at the discretion of management, IAF, Tab 9 at 41-42, and it is well established that the authorization of LWOP is a matter within the agency's discretion, *Oates v. Department of Labor*, 105 M.S.P.R. 10, ¶ 11 (2007). While the agency had indeed been generous in its granting of LWOP to the appellant, it was not thereby required to continue to grant his requests without end. Additionally, the agency's May 31, 2017 letter did not warn the appellant that his continued absences could result in his being placed on absence without leave (AWOL), and he never was placed on AWOL. In fact, as noted, the agency continued to grant the appellant's LWOP request through the notice period of his removal. Therefore, he could not have been misled by the language of the May 31, 2017 letter into thinking that the possibility of disciplinary action applied to any other status besides LWOP.

¶12 The agency challenges on review the administrative judge's statement, referencing the agency's earlier letter to the appellant, that "this history of form correspondence further diluted the impact of the May 31, 2017 letter." PFR File, Tab 3 at 9-10; ID at 9. Contrary to the administrative judge's claim, the two letters are not "almost identical." ID at 8. The March 10, 2017 letter informed the appellant that he had failed to provide supporting medical documentation that

would allow the agency to grant his most recent LWOP request and directed him to submit such documentation, and it also addressed his current leave status, that is, that he had exhausted all of his leave, including his annual allotment of time under FMLA, and explained his options. IAF, Tab 9 at 58-59. The letter further reminded the appellant that he must request leave appropriately, that failing to do so could result in his being charged AWOL, and that disciplinary action up to and including removal could be taken on that basis. *Id.* at 59. Although the May 31, 2017 letter similarly addressed the appellant's current leave status and explained his options, *id.* at 41-42, it also informed him that his absence from work had existed past a reasonable timeframe and ordered him to return to duty, reminding him that his failure to do so could lead to disciplinary action up to and including removal. *Id.* at 41. An examination of the two letters demonstrates that they served different purposes and that the March 10, 2017 letter, which urged the appellant to properly request leave, in no way diluted the impact of the May 31, 2017 letter, which for the first time warned him that failing to return to duty could result in his removal.

¶13    We find, therefore, that the agency proved that it adequately warned the appellant that an adverse action could be taken unless he became available for duty.

> *The position needed to be filled by an employee available for duty on a regular full-time or part-time basis.*

¶14    On review, the appellant challenges the administrative judge's finding that the agency proved that his position needed to be filled by an employee available for duty, claiming that the agency had not filled his position by the time of his Board hearing. PFR File, Tab 1 at 7. The administrative judge found that the agency presented ample evidence that, as head of a division and its only supervisor, the appellant's absence caused a significant hardship for the agency. ID at 7. Specifically, the administrative judge relied on testimony of the proposing official, who was appellant's supervisor and the Assistant Director of

the Boston Regional Office, to the effect that she spent several hours each day performing the appellant's duties and that a division chief from another regional office had to be detailed to cover for the appellant. *Id.*; Hearing Compact Disc (HCD) (testimony of the proposing official); IAF, Tab 10 at 44. The administrative judge also relied on testimony of the deciding official, Director of the Boston Regional Office, that the situation created by the appellant's extended absence had become untenable. ID at 7; HCD (testimony of the deciding official). Beyond his unsupported claim, the appellant has not shown error in the administrative judge's findings on this issue, and we discern no basis upon which to disturb them. *Crosby*, 74 M.S.P.R. at 105-06.

*Conclusion*

¶15    We conclude, therefore, that the agency proved all the elements of the charge of excessive absences. *Gartner*, 104 M.S.P.R. 463, ¶ 9; *Cook*, 18 M.S.P.R. at 611-12. We further find that the agency established that its action promotes the efficiency of the service and that, given that the appellant's absence has no foreseeable end, removal is a reasonable penalty. *Bair v. Department of Defense*, 117 M.S.P.R. 374, ¶ 5 (2012).

The appellant failed to establish that the administrative judge was biased.

¶16    On review, the appellant also argues that, while the administrative judge ruled in his favor, he nonetheless exhibited bias towards him. PFR File, Tab 1 at 4-8. Specifically, the appellant refers to an employee, formerly under his supervision, whose removal he proposed. During the proceedings before the agency in that matter, the appellant claims that the employee "besmirched" the appellant's character and that, when the employee appealed his removal to the Board, he continued to attack the appellant's character. *Id.* at 5. The appellant explains that he learned at his own hearing that the administrative judge in his case was also the administrative judge in his subordinate's case and suggests that, because of the attack on the appellant's character in that other proceeding, the

administrative judge in this case, rather than rule against the appellant, limited his prehearing narrative and did not address significant failures of the agency, denied his request for additional witnesses, and ordered only minimal relief. *Id.* at 6.

¶17 A claim of bias must be raised as soon as practicable after a party has reasonable cause to believe that grounds exist for an administrative judge's disqualification on such basis, and a party cannot wait until after the adjudication is complete to object for the first time. *Gensburg v. Department of Veterans Affairs*, 85 M.S.P.R. 198, ¶ 7 (2000); 5 C.F.R. § 1201.42(b). By not raising the claim below, the appellant failed to follow the regulatory procedures for seeking disqualification of an administrative judge based on bias due to his alleged involvement in the appeal of the appellant's subordinate. 5 C.F.R. § 1201.42(b)-(c). Therefore, we need not address this claim on review.

¶18 In any event, bearing in mind that the administrative judge ruled in the appellant's favor, the administrative judge's actions do not establish bias. For example, the appellant argues that the administrative judge limited his prehearing narrative. PFR File, Tab 1 at 6. In his first Order and Summary of Telephonic Prehearing Conference, the administrative judge emphasized that the only matters before him were the appellant's removal for excessive absences and his affirmative defense of disability discrimination and that a proposed performance improvement plan in 2016, agency understaffing, and a particularly difficult employee were not relevant to the removal action. IAF, Tab 21. In the administrative judge's second Order and Summary of Telephonic Prehearing Conference, he set forth, inter alia, the same two issues and stated that any objections to the summary must be received by a date certain. IAF, Tab 28. The appellant did file a timely response, but it did not address the issues. IAF, Tab 29. Therefore, as to the matters at issue in this appeal, the administrative judge's summary is deemed final, IAF, Tab 28, and not subject to challenge on review. *Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 635 (1992).

¶19     The appellant also argues that the administrative judge denied him "additional witnesses." PFR File, Tab 1 at 6. The appellant originally requested six witnesses, IAF, Tab 18, two of whom also were requested by the agency, IAF, Tab 19. The administrative judge provisionally excluded one of the appellant's requested witnesses on the agency's objection as irrelevant. IAF, Tab 28. The appellant did challenge the exclusion, IAF, Tab 29, but was unsuccessful. He has not on review further explained his challenge to the administrative judge's disallowance of the witness, and we therefore need not address this claim further.

¶20     In making a claim of prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). There is nothing in the record to support a finding of bias by the administrative judge.[4]

The appellant has not established the agency failed to provide him a reasonable accommodation.

¶21     Finally, the appellant argues that his removal was improper because the agency did not first "see if an accommodation could be made." PFR File, Tab 1 at 7. We construe this claim as challenging the administrative judge's finding that he did not establish his defense of disability discrimination based on a theory of failure to accommodate. After he presumed that the appellant is a qualified

---

[4] We note the appellant's claim that the administrative judge's bias is shown by his order of only minimal relief. PFR File, Tab 1 at 4, 7-8. The appellant's claim is rendered moot by this final decision.

individual with a disability,[5] the administrative judge thoroughly considered the failure to accommodate issue, finding that the appellant's various claims were "implausible, incredible, or inconsistent." ID at 10. Regarding the appellant's assertion that the agency denied him reasonable accommodation, the administrative judge found no evidence that the appellant ever started the interactive process, *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 15 (2014), and that his own testimony on this point was inconsistent and otherwise incredible, ID at 11. In the absence of "sufficiently sound" reasons for doing so, we discern no basis upon which to disturb the administrative judge's credibility determinations in this regard or to reweigh the evidence or substitute our assessment of the record evidence for his. *Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002). As such, the administrative judge did not err in finding that, other than indefinite LWOP which the agency was not required to provide, the appellant did not request reasonable accommodation and therefore did not establish his claim of disability discrimination.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[5] The record does not appear to support such a presumption.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: /s/ for
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.